IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELLUS ALEXANDER GREENE,

    Plaintiff,                    No. CIV S-11-2237 JAM EFB P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS,

    Defendant.                  FINDINGS AND RECOMMENDATIONS

                                /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed *in forma pauperis*. A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). It appears that on at least three prior occasions, plaintiff brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim

////

1  upon which relief may be granted.[1]  *See Greene v. Reyes*, No. 2:00-cv-0196 LKK DAD (E.D.
2  Cal. June 7, 2010) (order dismissing case for failure to state a claim); *Greene v. State of*
3  *California*, No. 2:02-cv-2398 FCD KJM (E.D. Cal. July 14, 2003) (order dismissing case as
4  frivolous); *Greene v. CDCR*, No. 2:04-cv2383 FCD DAD (E.D. Cal. Jan. 24, 2006) (order
5  dismissing case for failure to state a claim).

6  Further, it does not appear that plaintiff was under imminent threat of serious physical
7  injury when he filed the complaint.  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d
8  1047, 1053 (9th Cir. Cal. 2007).  The complaint includes a disjointed history of plaintiff's
9  alleged experiences at various California prisons, including a beating by a correctional officer,
10  various sexual assaults, a false accusation of attempting to escape, and having his mail
11  intercepted.  He also disputes the validity of an apparent rape conviction, and seeks damages for
12  alleged harassment.  *See* Dckt. No. 1.  Plaintiff's allegations do not demonstrate that he suffered
13  from imminent danger of serious physical injury at the time he filed his complaint.  Thus, the
14  imminent danger exception does not apply.

15  Accordingly, it is hereby RECOMMENDED that plaintiff's applications to proceed *in*
16  *forma pauperis* (Dckt. Nos. 7, 9) be denied, that plaintiff be directed to pay the $350 filing fee
17  within 30 days, and that plaintiff be warned that his failure to do so will result in dismissal of this
18  action.  *See* 28 U.S.C. § 1914(a).

19  These findings and recommendations are submitted to the United States District Judge
20  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
21  after being served with these findings and recommendations, any party may file written
22  objections with the court and serve a copy on all parties.  Such a document should be captioned
23  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
24  ////

---

[1] A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: January 18, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE