1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARCELLUS ALEXANDER GREENE,

11              Plaintiff,                      No. CIV S-11-2237 JAM EFB P

12        vs.

13   CALIFORNIA DEPARTMENT OF
     CORRECTIONS,
14
              Defendant.                    FINDINGS AND RECOMMENDATIONS
15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a).  This

18   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19        For the reasons explained below, the court finds that plaintiff has not demonstrated he is

20   eligible to proceed *in forma pauperis*.  A prisoner may not proceed *in forma pauperis*,

21        if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in
          any facility, brought an action or appeal in a court of the United States that was
22        dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
          upon which relief may be granted, unless the prisoner is under imminent danger
23        of serious physical injury.

24   28 U.S.C. § 1915(g).  It appears that on at least three prior occasions, plaintiff brought actions

25   while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim

26   ////

                                              1

upon which relief may be granted.[1]  *See Greene v. Reyes*, No. 2:00-cv-0196 LKK DAD (E.D. Cal. June 7, 2010) (order dismissing case for failure to state a claim); *Greene v. State of California*, No. 2:02-cv-2398 FCD KJM (E.D. Cal. July 14, 2003) (order dismissing case as frivolous); *Greene v. CDCR*, No. 2:04-cv2383 FCD DAD (E.D. Cal. Jan. 24, 2006) (order dismissing case for failure to state a claim).

Further, it does not appear that plaintiff was under imminent threat of serious physical injury when he filed the complaint.  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. Cal. 2007).  The complaint includes a disjointed history of plaintiff's alleged experiences at various California prisons, including a beating by a correctional officer, various sexual assaults, a false accusation of attempting to escape, and having his mail intercepted.  He also disputes the validity of an apparent rape conviction, and seeks damages for alleged harassment.  *See* Dckt. No. 1.  Plaintiff's allegations do not demonstrate that he suffered from imminent danger of serious physical injury at the time he filed his complaint.  Thus, the imminent danger exception does not apply.

Accordingly, it is hereby RECOMMENDED that plaintiff's applications to proceed *in forma pauperis* (Dckt. Nos. 7, 9) be denied, that plaintiff be directed to pay the $350 filing fee within 30 days, and that plaintiff be warned that his failure to do so will result in dismissal of this action.  *See* 28 U.S.C. § 1914(a).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

////

---

[1]  A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

within the specified time may waive the right to appeal the District Court's order. *Turner v.*
*Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 18, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE